IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


DENGE LEMO GAHANO,                          3:11-CV-670-BR

       Plaintiff,

                                  OPINION AND ORDER

v.

U.S. BARGE, LLC,

       Defendant.


DENGE LEMO GAHANO
3402 S.E. 129th Avenue
Apt C
Portland, OR 97236-3464

       Plaintiff, *Pro Se*

VICTOR JOSEPH KISCH
P.K. RUNKLES-PEARSON
Stoel Rives LLP
900 S.W. Fifth Avenue
Suite 2600
Portland, OR 97204
(503) 294-9648

       Attorneys for Defendant


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant's Motion (#29) to Dismiss.  For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** Defendant's Motion.

<u>BACKGROUND</u>

The following facts are taken from Plaintiff's Complaint:

On October 28, 2007, Plaintiff applied for employment with Defendant U.S. Barge, LLC.

In October 2007 Defendant denied Plaintiff employment because Defendant was "aware of Plaintiff's suit against [his former employer] [S]undial from [S]undial letter [*sic*] of August 28, 2006."

As some point in October 2007 Plaintiff filed a claim with Oregon's Bureau of Labor and Industries (BOLI) related to Defendant's refusal to hire Plaintiff.

On October 30, 2007, before Plaintiff received a right-to-sue letter from BOLI, Defendant offered Plaintiff a position as a welder.

On November 30, 2007, Plaintiff began working as a welder for Defendant.

In January 2008 Plaintiff was "issued a newly [*sic*] classification as Mechanic welder."

From January through June 2008, Defendant failed to pay

2 - OPINION AND ORDER

Plaintiff "proper wages" pursuant to the Collective Bargaining Agreement (CBA) for Plaintiff's change in classification to Mechanic Welder.

On June 16, 2008, Defendant terminated Plaintiff's employment.  At some point Defendant received a grievance related to Plaintiff's termination from "Union Local 104" and rehired Plaintiff.

From June 2008 through September 2008 Plaintiff was harassed by Kelly Gallagher, Defendant's Human Resources employee.

On June 2, 2009, Defendant suspended Plaintiff's employment for two days.  While Plaintiff was on suspension, Defendant terminated Plaintiff's employment.

On June 1, 2011, Plaintiff filed a Complaint in this Court in which he alleges Defendant (1) violated Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a); (2) violated the Equal Pay Act, 29 U.S.C. § 206(d); and (3) violated Oregon public policy by discriminating or retaliating against Plaintiff for filing a complaint or otherwise asserting his rights "under ORS 659A, ORS 659.550, ORS 659.230, [and/or] ORS 653.010 to 653.261."

Defendant moves to dismiss Plaintiff's Complaint on the grounds that (1) Plaintiff did not timely file a charge as to his Title VII claims with the Equal Employment Opportunity Commission (EEOC) and/or BOLI, (2) Plaintiff does not allege facts sufficient to support a violation of the Equal Pay Act, and

(3) Plaintiff's state-law claims fail to comply with Federal Rule of Civil Procedure 8.

### STANDARDS

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic v. Twombly*, 550 U.S. 554,] 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556 . . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557, 127 S. Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). *See also Bell Atlantic*, 550 U.S. at 555-56. The court must accept as true the allegations in the complaint and construe them in favor of the plaintiff. *Intri-Plex Tech., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1050 n.2 (9th Cir. 2007).

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)(citing *Jacobson v. Schwarzenegger,* 357 F. Supp. 2d 1198, 1204 (C.D. Cal. 2004)). A court, however, "may consider a

4 - OPINION AND ORDER

writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned."  *Id*. (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as stated in Abrego v. Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006)).

A *pro se* plaintiff's complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Thus, the court must construe *pro se* filings liberally.  If a plaintiff fails to state a claim, "[l]eave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts,' and should be granted more liberally to *pro se* plaintiffs." *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003)(quoting *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000))

## DISCUSSION

**I.    Plaintiff's claims under Title VII**

**A.    Title VII exhaustion requirements**

Title VII contains two time limitations within which a plaintiff must exhaust his administrative remedies by filing an administrative charge with the EEOC:  (1) within 180 days of the last act of discrimination or (2) within 300 days from the last act of discrimination if a plaintiff first commenced proceedings

with a "[s]tate or local agency with authority to grant or seek relief from such practice."  42 U.S.C. § 2000e-5(e)(1).  The failure to file a charge within the required time and, therefore, to exhaust administrative remedies deprives the court of subject-matter jurisdiction to hear Title VII claims.  *Vasquez v. County of Los Angeles*, 394 F.3d 634, 644 (9th Cir. 2003).

Although Plaintiff alleges in his Complaint that he filed a charge with BOLI and received a right-to-sue letter, Plaintiff does not state when he filed the charge.  Defendant, however, submitted a signed copy of Plaintiff's signed Charge of Discrimination filed with BOLI dated April 30, 2010.  According to Defendant, therefore, Plaintiff's charge is sufficient only to exhaust Plaintiff's administrative remedies as to events that occurred after July 4, 2009; that is, for those events within the 300 days prior to April 30, 2010, when Plaintiff submitted his Charge of Discrimination to BOLI.  As Defendant notes, Plaintiff alleges he was terminated by Defendant for the last time between June 2 and June 5, 2010.  Thus, Defendant contends Plaintiff failed to file a BOLI or EEOC charge within 300 days of any of the events alleged in his Complaint, and, therefore, Plaintiff failed to exhaust his administrative remedies as to his Title VII claims.

Plaintiff asserts in his Response that he filed his charge with BOLI on March 23, 2010, and the April 30, 2010,

6 - OPINION AND ORDER

letter Defendant relies on is only BOLI's "Summary draft letter" of Plaintiff's charge.  Plaintiff attaches to his Response a letter to BOLI and the EEOC dated March 23, 2010, that alleges various violations of Title VII.

As Defendant notes in its Reply, however, even if the March 23, 2010, letter constitutes an adequate BOLI charge, it sufficiently exhausts Plaintiff's Title VII claim only as to events that occurred after May 27, 2009.  The Court agrees.

**B.  Continuing-violation doctrine**

As noted, the only event that Plaintiff alleges occurred after May 27, 2009, is Plaintiff's termination sometime between June 2 and June 5, 2009.  Plaintiff, however, contends all of the allegations in his Complaint should be considered timely under the continuing-violation doctrine.

The continuing-violation doctrine allows a court to consider untimely acts of discrimination if the acts are part of a series of repetitive violations and one such act falls within the charge filing period.  *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002).  The Supreme Court, however, has made clear that acts such as termination (the only act that occurred within the charge-filing period here), failure to promote, denial of transfer, and refusal to rehire each are "separate actionable unlawful employment practice[s]," and, therefore, they do not trigger the continuing-violation doctrine.  *Id.* at 114.  The

7 - OPINION AND ORDER

Court, therefore, concludes the continuing-violation doctrine
does not apply to the events Plaintiff alleges occurred before
May 27, 2009.

On this record, therefore, the Court concludes it lacks
subject-matter jurisdiction as to Defendant's conduct that
occurred prior to May 27, 2009, and that allegedly violated Title
VII.  Accordingly, the Court grants Defendant's Motion to Dismiss
as to the portion of Plaintiff's Title VII claims that relate to
events that occurred prior to May 27, 2009.

## II.  Plaintiff's claim for violation of the Equal Pay Act

Plaintiff also contends Defendant violated the Equal Pay Act
when it failed to pay him "proper wages under [the] CBA."

The Equal Pay Act prohibits employers from discriminating
"between employees on the basis of sex" in the payment of wages.
29 U.S.C. § 206(d).  Plaintiff's Complaint does not contain any
allegation that he was treated differently in the payment of
wages on the basis of sex; for example, Plaintiff does not allege
similarly-situated female employees received higher wages than
Plaintiff.  Accordingly, the Court finds Plaintiff fails to state
a claim for violation of the Equal Pay Act.  The Court,
therefore, grants Defendant's Motion to Dismiss as to Plaintiff's
claim under the Equal Pay Act.

Because Plaintiff is proceeding *pro se*, however, the Court
grants Plaintiff leave to file an amended complaint if he is able

8 - OPINION AND ORDER

to allege true facts that would cure the deficiencies noted
herein as to his claim under the Equal Pay Act.

**III. Plaintiff's state-law claims**

Plaintiff alleges in his Complaint that "[i]t is contrary to
the Public Policy of the State of Oregon to discriminate or
retaliate against an employee because he has filed a complaint or
otherwise asserted his rights under ORS 659A, ORS 659.550, ORS
659.230, ORS 653.010 to 653.261." Plaintiff, however, fails to
identify the specific facts in his Complaint that he contends
support these allegations.

Federal Rule of Civil Procedure 8(a)(2) requires a complaint
must contain "a short and plain statement of the claim showing
that the pleader is entitled to relief." Here it is unclear
whether Plaintiff intends to assert a claim for wrongful
discharge or if he intends to assert claims for violation of the
various state statutes to which he points. It is not possible
for the Court to determine the factual or legal basis for
Plaintiff's state-law claim. Plaintiff's state-law claims,
therefore, fail to comply with Rule 8(a)(2). Accordingly, the
Court grants Defendant's Motion to Dismiss as to these claims.

As noted, however, because Plaintiff is *pro se*, the Court
grants Plaintiff leave to file an Amended Complaint to cure the
deficiencies noted as to his state-law claim. To the extent that
Plaintiff intends to assert in an amended complaint any claims

based on violation of the Oregon statutes to which he cites,
Oregon Revised Statute § 659.550 has been renumbered to
§ 659A.230 and § 659.230 has been renumbered to § 659A.805.
Plaintiff, therefore, must use the correct statutory designations
for his claims.

In addition, Plaintiff may not assert a claim for violation
of a broad swath of statutory provisions like "ORS 653.010 to
653.261."  Plaintiff must identify the specific statutory section
under which he brings his claims and point to specific behavior
by Defendant that Plaintiff contends violates the specific
statutory provision.  If Plaintiff contends Defendant violated
more than one statute, he must separately state the facts for
each alleged statutory violation as a separate claim for relief.

**CONCLUSION**

For these reasons, the Court **GRANTS in part** and **DENIES in part** Defendant's Motion to Dismiss as follows:

(1) **GRANTS** Defendant's Motion as to the portion of
Plaintiff's claims under Title VII related to events
that occurred before May 27, 2009, without leave to
replead;

(2) **GRANTS** Defendant's Motion as to Plaintiff's claim under
the Equal Pay Act with leave to replead as noted
herein;

(3)   **GRANTS** Defendant's Motion as to Plaintiff's state-law claims with leave to replead as noted herein; and

(4)   **DENIES** Defendant's Motion as to the portion of Plaintiff's claims under Title VII related to events that occurred after May 27, 2009.

Plaintiff may file an amended complaint to cure the deficiencies noted above **no later than January 23, 2012.**  The Court advises Plaintiff that failure to file an amended complaint by January 23, 2012, shall result in the dismissal with prejudice of all potential claims as to which the Court has granted Plaintiff leave to replead.

IT IS SO ORDERED.

DATED this 4th day of January, 2012.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

11 - OPINION AND ORDER