IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


**DENGE LEMO GAHANO,**                    3:11-CV-00670-BR

        **Plaintiff,**

                                            OPINION AND ORDER

**v.**

**U.S. BARGE, LLC,**

        **Defendant.**


**DENGE LEMO GAHANO**
3402 S.E. 129th Avenue
Apt C
Portland, OR 97236-3464

        Plaintiff, *Pro Se*

**VICTOR JOSEPH KISCH**
**P.K. RUNKLES-PEARSON**
Stoel Rives LLP
900 S.W. Fifth Avenue
Suite 2600
Portland, OR 97204
(503) 294-9648

        Attorneys for Defendant

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant's [Partial] Motion (#46) to Dismiss Plaintiff's Amended Complaint Filed January 20.  For the reasons that follow, the Court **GRANTS** Defendant's Motion.


## BACKGROUND

The following facts are taken from Plaintiff's Complaint and Amended Complaint:

On October 28, 2007, Plaintiff applied for employment with Defendant U.S. Barge, LLC.

On October 30, 2007, Defendant, "who [was] aware of Plaintiff's suit against [his former employer] [S]undial from [S]undial letter [*sic*] of August 28, 2006, refused to employ [Plaintiff] as a welder No. 1 while hiring unqualified other[] welders as welder No. 2 and No. 3."

At some point in October 2007 Plaintiff filed a claim with Oregon's Bureau of Labor and Industries (BOLI) related to Defendant's refusal to hire Plaintiff.

On October 30, 2007, before Plaintiff received a right-to-sue letter from BOLI, Defendant offered Plaintiff a position as a welder.

On November 30, 2007, Plaintiff began working for Defendant as a "welder No. 1."

2 - OPINION AND ORDER

In January 2008 Plaintiff was "issued a newly [*sic*] classification from welder No. 1 to Mechanic welder."

From January through June 2008 Defendant failed to pay Plaintiff "proper wages" for Plaintiff's change in classification to Mechanic Welder as required under the Collective Bargaining Agreement (CBA).

On June 16, 2008, Defendant terminated Plaintiff's employment.  At some point Defendant received a grievance from "Union Local 104" related to Plaintiff's termination, and Defendant subsequently rehired Plaintiff.

From June 2008 through September 2008 Plaintiff was harassed by Kelly Gallagher, Defendant's Human Resources employee.

On June 2, 2009, Defendant suspended Plaintiff's employment for two days.  On June 4, 2009, Defendant terminated Plaintiff's employment while Plaintiff was on suspension.

On June 1, 2011, Plaintiff filed a Complaint in this Court in which he alleged Defendant (1) violated Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a); (2) violated the Equal Pay Act (EPA), 29 U.S.C. § 206(d); and (3) violated Oregon public policy by discriminating or retaliating against Plaintiff for filing a complaint or otherwise asserting his rights "under ORS 659A, ORS 659.550, ORS 659.230, [and/or] ORS 653.010 to 653.261."

Defendant moved to dismiss Plaintiff's Complaint on the grounds that (1) Plaintiff did not timely file a charge as to his

Title VII claims with the Equal Employment Opportunity Commission (EEOC) and/or BOLI, (2) Plaintiff did not allege facts sufficient to support a violation of the Equal Pay Act, and (3) Plaintiff's state-law claims failed to comply with Federal Rule of Civil Procedure 8.

On January 5, 2012, the Court entered an Opinion and Order in which it denied Defendant's Motion to Dismiss as to the portion of Plaintiff's claims under Title VII related to events that occurred after May 27, 2009; granted Defendant's Motion as to the portion of Plaintiff's claims under Title VII related to events that occurred before May 27, 2009, without granting Plaintiff leave to replead; granted Defendant's Motion as to Plaintiff's state-law claims and claim for violation of the EPA; and granted Plaintiff leave to replead his state-law claims and claim for violation of the EPA.

On January 20, 2012, Plaintiff filed an Amended Complaint in which he asserts claims for (1) violation of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a)(related to events both before and after May 27, 2009); (2) violation of the Equal Pay Act (EPA), 29 U.S.C. § 206(d); and (3) breach of contract.

Defendant moves to dismiss Plaintiff's Title VII claim insofar as it relates to events occurring before May 27, 2009, and to dismiss Plaintiff's EPA and breach-of-contract claims.

4 - OPINION AND ORDER

## STANDARDS

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic v. Twombly*, 550 U.S. 554,] 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556 . . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557, 127 S. Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). *See also Bell Atlantic*, 550 U.S. at 555-56. The court must accept as true the allegations in the complaint and construe them in favor of the plaintiff. *Intri-Plex Tech., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1050 n.2 (9th Cir. 2007).

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)(citing *Jacobson v. Schwarzenegger,* 357 F. Supp. 2d 1198, 1204 (C.D. Cal. 2004)). A court, however, "may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Id*. (quoting *Parrino v. FHP,*

5 - OPINION AND ORDER

*Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as stated in Abrego v. Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006)).

A *pro se* plaintiff's complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Thus, the court must construe *pro se* filings liberally. If a plaintiff fails to state a claim, "[l]eave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts,' and should be granted more liberally to *pro se* plaintiffs." *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003)(quoting *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000)).

## DISCUSSION

### I.   Plaintiff's claims under Title VII.

As noted, in its January 5, 2012, Opinion and Order, the Court granted Defendant's Motion to Dismiss Plaintiff's Title VII claims related to events that occurred before May 27, 2009, without granting Plaintiff leave to replead. Accordingly, to the extent that Plaintiff seeks to reallege that portion of his Title VII claims, the Court grants Defendant's Motion to Dismiss.[1]

---

[1] Defendant does not seek dismissal of Plaintiff's Title VII claim related to events that occurred after May 27, 2009.

6 - OPINION AND ORDER

**II. Plaintiff's claim for violation of the EPA**.

As the Court explained in its January 5, 2012, Opinion and Order, the EPA prohibits employers from discriminating in the payment of wages" between employees on the basis of sex." 29 U.S.C. § 206(d).  The Court noted Plaintiff's Complaint did not contain any allegation that he was treated differently in the payment of wages on the basis of sex, and, therefore, Plaintiff failed to state a claim for violation of the EPA.

Plaintiff's Amended Complaint also does not contain any allegation that he was treated differently in the payment of wages on the basis of sex.  The Court, therefore, concludes Plaintiff fails to state a claim for violation of the EPA.

Accordingly, the Court grants Defendant's Motion to Dismiss as to Plaintiff's claim for violation of the EPA.

**III. Plaintiff's breach-of-contract claim**.

Plaintiff asserts a claim for breach of contract in his Amended Complaint and makes a number of allegations related to Defendant's alleged failure to pay Plaintiff his "proper wages" under the CBA.  Defendant moves to dismiss Plaintiff's breach-of-contract claim on the grounds that it is completely preempted by § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a), and barred by the limitations period applicable to claims under the LMRA.

7 - OPINION AND ORDER

A.   **Preemption under § 301 of the LMRA**.

Section 301 of the LMRA provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect of the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).  The Supreme Court has interpreted § 301 to authorize federal courts to develop a federal common law for the interpretation of Collective Bargaining Agreements (CBA).  *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 689 (2001) (citing *Textile Workers Union v. Lincoln Mills*, 353 U.S. 448, 451 (1957)).  This federal common law preempts the use of state contract law in interpreting and enforcing CBAs.  *Id*. (citing *Local 174, Teamsters of Am. v. Lucas Flour Co.*, 369 U.S. 95, 103-04 (1962)).  In 1985 the Supreme Court "expanded application of § 301 preemption beyond cases specifically alleging contract violation to those whose resolution 'is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract.'"  *Id*. (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985)).

In *Caterpillar, Inc. v. Williams* the Supreme Court noted "the pre-emptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization."  482

8 - OPINION AND ORDER

U.S. 386, 394 (1987).  The Court, however, pointed out that "§ 301 preempts only 'claims founded directly on rights created by collective-bargaining agreements, and also claims substantially dependent on analysis of a collective-bargaining agreement.'"  *Id*. (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 23 (1983)).

In *Livadas v. Bradshaw* the Supreme Court noted "it is the legal character of a claim, as 'independent' of rights under the collective-bargaining agreement . . . that decides whether a state cause of action [is preempted]."  512 U.S. 107, 122-24 (1994)(internal citations and quotations omitted).  In summary,

> [i]f the plaintiff's claim cannot be resolved without interpreting the applicable CBA . . . it is preempted.  *See also Hechler*, 481 U.S. at 861-62, 107 S. Ct. 2161.  Alternatively, if the claim may be litigated without reference to the rights and duties established in a CBA . . . it is not preempted.  *See also Livadas*, 512 U.S. at 124-25, 114 S. Ct. 2068.  The plaintiff's claim is the touchstone for this analysis; the need to interpret the CBA must inhere in the nature of the plaintiff's claim.  If the claim is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense.  *See Caterpillar*, 482 U.S. at 398-99, 107 S. Ct. 2425.

*Cramer*, 255 F.3d at 691.

> This is true even in some instances in which the plaintiffs have not alleged a breach of contract in their complaint, if the plaintiffs' claim is either grounded in the provisions of the labor contract or requires interpretation of it.  *See Lueck*, 471 U.S. at 210, 105 S. Ct. 1904 ("If the policies that animate [section] 301 are to be given their proper range,. . . the preemptive

9 - OPINION AND ORDER

> effect of [section] 301 must extend beyond suits alleging contract violations."). Otherwise, parties would be able "to evade the requirements of section 301 by relabeling their contract claims as claims for tortious breach of contract" or some other state cause of action, and thus "elevate form over substance." *Id*. at 211, 105 S. Ct. 1904.

*Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1060 (9th Cir. 2007).

### B.  Plaintiff's breach-of-contract claim is preempted under § 301 of the LMRA.

As noted, Plaintiff brings a claim for breach of contract and alleges Defendant failed to pay him his proper wages under the CBA. Because Plaintiff's claim is clearly "grounded in the provisions of the labor contract or requires interpretation of it," the Court concludes Plaintiff's breach-of-contract claim and any claims by Plaintiff based on payment of wages under the CBA are preempted by § 301 of the LMRA.

### C.  Plaintiff's claim is time-barred.

Defendant also asserts Plaintiff's breach-of-contract claim is time-barred under the applicable statute of limitations.

Although § 301 of the LMRA does not contain a statute of limitations, the Supreme Court has held "the six-month statute of limitations from the National Labor Relations Act, section 10(b) applies" to an action by an employee against an employer for breach of a CBA. *DelCostello v. Teamsters*, 462 U.S. 151, 163-164 (1983). *See also Pencikowski v. Aerospace Corp.*, 340 F.

10 - OPINION AND ORDER

App'x 416, 417-18 (9th Cir. 2009)(same).

Plaintiff alleges in his Amended Complaint that Defendant terminated his employment on June 4, 2009. Plaintiff did not file this action until June 1, 2011, which is more than six months after Plaintiff's employment with Defendant ended.

On this record the Court concludes Plaintiff's breach-of-contract claim is preempted by § 301 of the LMRA and time-barred under the statute of limitations applicable to claims under § 301 of the LMRA. Accordingly, the Court grants Defendant's Motion to Dismiss.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendant's [Partial] Motion (#46) to Dismiss Plaintiff's Amended Complaint Filed January 20. Accordingly, this matter will proceed only as to that portion of Plaintiff's Title VII claim that relates to events that occurred after May 27, 2009. Plaintiff's remaining claims are **DISMISSED with prejudice.**

IT IS SO ORDERED.

DATED this 18th day of May, 2012.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

11 - OPINION AND ORDER